UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CALVIN COLE-EL,

                     Petitioner,

                                                    09-CV-3495 (SJ)

   – against –                            MEMORANDUM
                                                    AND ORDER

UNITED STATES OF AMERICA,

                     Respondent.
----------------------------------------X

APPEARANCES

CALVIN COLE-EL
#50244-053
FCI Otisville
P.O. Box 1000
Otisville, NY 10963
Petitioner Pro Se

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Jo Ann Maria Navickas
Attorney for Respondent

JOHNSON, Senior District Judge:

      Petitioner Calvin Cole-El ("Petitioner") has moved for a writ of audita querela pursuant to 28 U.S.C. § 1651. For the reasons stated below, the petition is denied.

1

# BACKGROUND

Familiarity with the extensive facts related to Petitioner's underlying criminal conviction and sentence, as well as with the Court's Orders relating to Petitioner's habeas petition, is assumed. See United States v. Warren, et al., No. 94-CR-802 (E.D.N.Y.) (SJ-4) (criminal docket) ("Warren"); Cole v. United States, No. 98-CV-7670 (E.D.N.Y.) (SJ) (habeas docket) ("Cole-El I")[1], Docket Entries ("DE") 73, 82 & 85. Therefore, only the facts and procedural history necessary to dispose of the instant motion will be recounted here.

On May 10, 1996, Petitioner was convicted of being an accessory after the fact to murder in violation of 18 U.S.C. § 3; conspiring and attempting to obstruct commerce by robbery in violation of 18 U.S.C. § 1951; and using and carrying a firearm during those offenses in violation of 18 U.S.C. § 924(c). See Warren, No. 94-CR-802, DE No. 180 (Amended Judgment). The Court sentenced Petitioner to a total of 270 months of imprisonment, three years of supervised release, and a $200 special assessment. The Second Circuit affirmed the conviction on direct appeal. See United States v. White, 113 F.3d 1230 (2d Cir. 1997) (unpublished table decision), cert. denied, Cole v. United States, 523 U.S. 1085 (1998).

On December 10, 1998, Petitioner moved to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255, challenging his jury conviction and the

---

[1] Petitioner changed his name from Calvin Cole to Calvin Cole-El after his conviction and sentence; subsequent captions reflect the change.

P-049

sentence imposed by this Court. See Cole-El I, DE No. 1 ("§ 2255 Motion").[2] In an Order dated May 31, 2005, the Court denied each claim in Petitioner's § 2255 Motion except for Ground Twelve, which alleged that an uncounseled misdemeanor conviction was improperly included in the criminal history category calculation used for sentencing purposes and that his attorney's failure to raise this issue at sentencing and upon appeal constituted ineffective assistance of counsel, and reserved judgment. Cole-El I, No. 98 CV 7670, 2005 WL 1458710, at *1 (E.D.N.Y. June 20, 2005) (DE No. 73) ("May 31, 2005 Order"). On July 8, 2005, Petitioner timely moved for reconsideration of the May 31, 2005 Order, pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure.

Meanwhile, in an Order dated August 23, 2005, the Court denied the § 2255 Motion with respect to Ground Twelve and denied a certificate of appealability ("COA"). Cole-El I, No. 98-CV-7670, 2005 WL 2179247, at *1-*2 (E.D.N.Y. Aug. 23, 2005) (DE No. 82) ("August 23, 200 subsequently filed another timely motion for reconsideration, pursuant to Rule 60(b), on September 14, 2005. On December 7, 2005, this Court denied all of the outstanding motions to reconsider in their entirety for failure to provide legal authority to support this Court's reconsideration. Cole-El I, No. 98 CV 7670, 2005 WL 3454322, at *2–*6 (E.D.N.Y. Dec. 7, 2005) (DE No. 85) ("December 7, 2005 Order").

---

[2] Initially, the petition was denied as untimely; the Court later vacated its decision and permitted Petitioner to proceed.

P-049

On December 23, 2005, Petitioner submitted a motion for COA before the Second Circuit, specifically seeking review of this Court's denial of both the § 2255 Motion and the subsequent motions for reconsideration. See Cole-El I, DE No. 88. In a mandate issued on July 26, 2006, the Second Circuit denied Petitioner's motion and dismissed his appeal. See Cole-El I, DE No. 90 (the "Second Circuit Mandate").[3]

In motions submitted on or about August 15, 2006, Petitioner requested that this Court recuse itself from the § 2255 action and, notwithstanding the Second Circuit Mandate, to reconsider the May 31, 2005, August 23, 2005, and December 7, 2005 Orders. See Cole-El I, DE No. 91 & 94 ("Recusal Motion"). In an Order dated September 25, 2006, the Court denied the Recusal Motion. See Cole-El I, DE No. 95 ("September 25, 2006 Order"). Petitioner's application to the Court for reconsideration was denied on November 17, 2006. See Cole-El I, DE No. 97.[4] Petitioner then filed a motion for a COA, which this Court denied in a summary memorandum. See Cole-El I, DE No. 103. The Second Circuit subsequently denied Petitioner's motion to reinstate his dismissed appeal and denied Petitioner's appeal of the September 25, 2006 Order for substantially the same reasons as its

---

[3] Specifically, the Second Circuit found that Petitioner "ha[d] not made a 'substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c), nor ha[d] he shown that '(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the [motion for reconsideration], and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the [reconsideration] motion, states a valid claim of the denial of a constitutional right,' Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)." Cole I, DE No. 90.

[4] The Second Circuit subsequently dismissed Petitioner's appeal of the September 25, 2006 Order without prejudice because Petitioner had not requested, nor had this Court sua sponte granted, the requisite COA. See Cole-El I, DE No. 98.

4

previous denial. See Cole-El I, DE No. 108. Petitioner also filed renewed motions to amend and to reopen the case pursuant to Rules 59(e) and 60, respectively, raising the same arguments previously dismissed by this Court. See Cole-El I, DE Nos. 104, 105, 109, 113. Again, the motions were denied in a summary order. See Cole-El I, DE dated Feb. 25, 2009.

On July 30, 2009, Petitioner filed the instant petition for a writ of audita querela, again arguing that misdemeanor convictions were improperly included in the criminal history category calculation used for sentencing purposes. See Cole-El v. United States, No. 09-CV-3495 (E.D.N.Y.) (SJ) ("Cole-El II"), DE No. 1 ("Pet.").[5] Petitioner also refers a previously filed "motion for downward departure due to post-conviction rehabilitation," which he alleges was filed jointly with his "motion to amend independent [sic] action of actual innocence" (arguing error in the sentencing calculation) but was not docketed. Pet. at 4, 7.[6] The Government timely responded to this Court's order to show cause. See Cole-El II, DE No. 9.

## DISCUSSION

### A. Writ of Audita Querela

"Though formally abolished in civil cases, see Fed. R. Civ. P 60(b), the writs of error coram nobis and audita querela remain available in very limited

---

[5] The Second Circuit previously had denied Petitioner's appeal and request for a writ of mandamus as to the September 25, 2006 Order. See Cole-El I, DE 114.
[6] The motion to reduce his sentence based on post-conviction rehabilitation was docketed under Cole-El I, DE No. 113-3 (Sept. 23, 2008).

5

P-049

circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 243 (2d Cir. 1995). "Audita querela is probably available when there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to conviction" that is not otherwise redressable. Id.; see also United States v. Richter, 510 F.3d 103, 103 (2d Cir. 2007) (per curiam) (quoting same). "Thus the writ of audita querela is available only to fill any gaps of the federal postconviction remedial framework." Grajales v. United States, No. 08-CV-4980 (SLT), 2008 WL 5272458, at *1 (E.D.N.Y. Dec. 18, 2008) (Townes, J.); see also United States v. Williams, No. 98-CR-834 (JFK), 2009 WL 2252111, at *2 (S.D.N.Y. Jul. 27, 2009) ("[T]he writ might be deemed available if its existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2254.") (citing Richter).

To the extent Petitioner challenges his sentence on the grounds that the Court erroneously included his marijuana misdemeanor conviction in his criminal history calculations (Pet. at 14–15), his argument is one that was available to (and advanced by) him through the mechanism of 28 U.S.C. § 2255. Therefore, this is not an instance in which no post-conviction remedy beyond the writ of audita querela exists. See Calvert v. United States, No. 06-CV-1722 (CBA), 2007 WL 160918, at *3 (E.D.N.Y. Jan. 17, 2007) ("[W]here petitioner's claims could have been pursued in a 2255 motion, they cannot come in through the audita querela back door.") (internal citation omitted). Moreover, Petitioner's claims rely on the

P-049

same arguments that have been rejected by this Court and the Second Circuit. See Cole-El, 2005 WL 2179247 at *1; see also Cole-El I, 2005 WL 3454322, at *1; Cole-El I, DE No. 90 (Second Circuit mandate denying COA and dismissing appeal). As to Petitioner's claim that his prior menacing conviction was improperly relied on in sentencing calculations, it is precluded from being raised here because it could not form the basis of a successive § 2255 petition. See 28 U.S.C. § 2255 (second or successive motion must contain newly discovered evidence or a new, retroactive rule of constitutional law). Accordingly, the instant petition for writ of audita querela is denied.

### B. Motion for Reduction of Sentence

In abundance of caution, and after carefully reviewing its prior orders, the Court also addresses Petitioner's motion for downward departure due to post-conviction rehabilitation. Cole-El I, DE No. 113-3 (Sept. 23, 2008).[7] "Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense." U.S.S.G. § 52K.19 (Nov. 1, 2000); see also United States v. Quintieri, 306 F.3d 1217, 1235 (2d Cir. 2002). Even if the Court could consider Petitioner's post-sentencing rehabilitation, Petitioner's efforts would have to be

---

[7] The portion of the motion requesting to "amend independent [sic] action of actual innocence" rehashes arguments regarding errors in sentencing calculation and was denied in the Court's December 7, 2005 Order. See Cole-El I, 2005 WL 3454322, at *2–*6.

7

P-049

considered "extraordinary" to warrant a sentence reduction. See United States v. Carpenter, 320 F.3d 334, 342 (2d Cir. 2003) ("Rehabilitation, even if genuine, is not ipso facto sufficient to justify a departure.") (internal citations omitted). Petitioner's efforts at post-sentencing rehabilitation, while commendable, do not rise to the level of "extraordinary." See, e.g., id. at 343–44. Therefore, Petitioner's motion is denied.[8]

### C. Filing Sanctions

Since his § 2255 motion was denied in 2005, Petitioner has filed at least 10 motions requesting reconsideration of this Court's decision, typically advancing arguments previously rejected by this Court and by the Second Circuit. Petitioner has been warned previously about filing further motions. See Cole-El I, DE No. 97 ("The Court will not entertain any further motions for reconsideration . . . .") While the Court acknowledges Petitioner's pro se status, it also notes that "[f]requent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice." Persaud v. United States, No. 04 CV 2861 (CBA), 2010 WL 3000725, at *3 (E.D.N.Y. July 27, 2010). Accordingly, "[a] district court may, in its discretion, impose sanctions against litigants who

---

[8] The United States Supreme Court recently held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." Pepper v. United States, 562 U.S. ___, 131 S. Ct. 1229, 1241 (Mar. 2, 2011). This edict does not apply to Petitioner here, whose sentence has been upheld on appeal. See United States v. White, 113 F.3d 1230 (2d Cir. 1997) (unpublished table decision), cert. denied, Cole v. United States, 523 U.S. 1085 (1998). Moreover, Pepper does not disturb the law cited in this circuit that post-sentencing rehabilitative efforts would have to be "extraordinary" to warrant a sentence reduction. See Carpenter, 320 F.3d at 342.

8

abuse the judicial process." Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005) (internal citations omitted). The Court must provide a litigant notice and an opportunity to be heard before imposing sanctions. See id. (listing factors the Court must consider); see also Viola v. United States, 307 F. App'x 539, 539 (2d Cir. 2009) (unpublished opinion) (same). Petitioner is therefore ordered to show cause why he should not be enjoined from filing any future motion, petition, or other document in this Court related to his 1996 conviction, without prior authorization of the Court, except for a notice of appeal.

## CONCLUSION

For the foregoing reasons, the motion for a writ of audita querela is DENIED. Petitioner is directed to show cause within 45 days why an injunction should not issue prohibiting him from filing additional motions or petitions in this Court related to his 1996 conviction, other than a notice of appeal, without first seeking leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

DATED: May 9, 2011
Brooklyn, New York

Sterling Johnson, Jr., Senior U.S.D.J.

P-049